Battle, J.
 

 The delivery of a deed is the final act of its execution. It is that which gives it force and effect, and without which, it is a nullity. When a deed is said to be executed, the meaning is, that, with all the other requisites, it has been delivered by the one party to, or for, the other. The date of a deed which is proved to have been delivered at the same time, is
 
 prima facie
 
 evidence that it was executed on that day;
 
 Lyerly
 
 v.
 
 Wheeler,
 
 12 Ire. Rep. 290. This evidence may be rebutted, by proof that it was not delivered on that day, and its execution must then be referred to the time when the testimony shows that the grantor parted with the possession for the purpose of giving effect to it, and in such a man
 
 *159
 
 ner as to deprive bim of tbe right to recall it;
 
 Baldwin
 
 v. Maultsby, 5 Re. Rep. 505 ;
 
 Roe
 
 v.
 
 Lovick,
 
 8 Ire. Eq. Rep. 88 ;
 
 Kirk
 
 v. Turner, 1 Dev. Eq. Rep. 14. In. the case before us, the testimony of one of the subscribing witnesses, shows clearly, that the deed from Davis to the defendant, was not delivered to the grantee or to any person for him, at the time when it was signed, sealed and attested ; and there is no proof that it was ever afterwards out of the possession of Davis, until he acknowledged it in the County Court, for the purpose of having it registered. That act was a delivery,
 
 (Snider
 
 v.
 
 Lackenour,
 
 2 Ire. Eq. 360,) but it was a delivery, making the instrument operative as a deed, as in other cases, from that time only. The testimony of the 'witness, who was called to prove the declarations of Davis, as to the purpose for which he left the county of Orange, and went into Chatham, related to a time anterior to this, 'and the declarations were, therefore, competent against him, and those who claimed under him, and it was error in the Court to reject them. Eor this error the judgment must be reversed, and a
 
 venvre de novo
 
 -awarded.
 

 Pee Curiam-. Judgment reversed.