John G. Nazro *vs.* Enoch S. Ware, impleaded, etc.

May 25, 1888.

Deed—Delivery—Intention of Parties.—If a deed or mortgage be so disposed of or treated as to evince clearly the intention of the parties that it should take effect as such, it is a sufficient delivery.

Mortgage for Larger Sum than Debt—Misdescription of Note.—If a mortgage be executed in good faith and for a valuable consideration, its validity is not affected, as to creditors or subsequent purchasers, by the fact that it is given for a larger sum than is actually due, or in some particulars misdescribes the note in fact secured, or intended to be secured.

Same—Parol Evidence of Real Debt.—In such case, when the validity of the mortgage is attacked by a creditor or subsequent purchaser, parol evidence is admissible to show the real consideration, and what note was actually intended to be described. It is not necessary to the admission of such evidence that the mortgage be first corrected.

Plaintiff brought this action in the district court for Jackson county, praying that a real-estate mortgage for $700, bearing date September 17, 1872, but in fact executed June 20, 1873, and recorded on the same day, running from defendant Wilbur S. Kimball to defendant Ware, (then and since a resident of Iowa,) be cancelled; that defendant Ware be enjoined from foreclosing it, and barred from claiming any lien upon the land; and that plaintiff be adjudged to be owner in fee of the premises free from incumbrances. Kimball, on June 20, 1873, was indebted to plaintiff's grantor, John Nazro, and on August 10, 1874, was adjudged a bankrupt by the United States district court for Minnesota, and on October 22, 1879, his assignee sold and conveyed the mortgaged land to John Nazro, who, in June, 1882, conveyed to plaintiff. The complaint alleges that the mortgage was for a sum much in excess of any debt owing by Kimball to Ware; that it was made without consideration, for the purpose of defrauding plaintiff and other creditors of Kimball; that neither the mortgage nor the note described in it was ever delivered, nor did the note ever exist; and that the mortgage was made and recorded without Ware's knowledge, and after record it was returned to and retained by Kimball, and that Ware is proceeding to foreclose it by advertisement. The defendant Ware, in his separate answer, put in issue the charge of fraud, and the averments of want of consideration and of non-delivery, etc., and alleged by way of counterclaim a sale and conveyance of the land in question by Ware to Kimball on September 17, 1872, and the execution by the latter to the former of a note for $431.48, bearing date and delivered on that day, for part of the purchase-money; that the mortgage in question was made, pursuant to the terms of the oral contract of sale, to secure this note; but that, at the time of making the mortgage, Kimball did not have the note in his possession, and by mistake described it in the mortgage as a note for $700, that being the total consideration on the sale, and made the mortgage for the same amount.

The action was tried by *Perkins*, J., who found, among others, the facts recited in the opinion touching the making, delivery, and record of the mortgage, and also Kimball's indebtedness to plaintiff, the bankruptcy proceedings, and the assignee's sale to John Nazro, and his conveyance to plaintiff, and the pending foreclosure proceedings, alleged in the complaint, and also found that there was no actual fraud.   Judgment was ordered for defendant, a new trial was refused, and the plaintiff appealed.

*T. J. Knox*, for appellant.

*Geo. W. Wilson*, for respondent.

MITCHELL, J.   Plaintiff's twenty assignments of error involve, really, only two questions:   (1) Was there a delivery of the Ware mortgage before Kimball, the mortgagor, was adjudged a bankrupt? and (2) was the debt intended to be secured so misdescribed in the mortgage as to render it void as to creditors and subsequent purchasers, or might the identity of this debt be established by parol evidence?

1. No particular ceremony is necessary to the delivery of a deed.   It may consist in an act without words, or in words without any act; and, if in words, it is immaterial whether they are spoken or written.   Manual possession of a deed by the grantee is not essential.   Whether there has been a delivery is rather a question of fact than of law, depending upon the intent of the grantor to vest an estate in the grantee. If a deed be so disposed of as to evince clearly the intention of the parties that it should take effect as such, it is sufficient.   *Stevens* v. *Hatch*, 6 Minn. 19, (64;) *Gaston* v. *Merriam*, 33 Minn. 271, (22 N. W. Rep. 614;) *Conlan* v. *Grace*, 36 Minn. 276, 281, (30 N. W. Rep. 880.)

In this case the court specifically finds (and the evidence justifies the findings) that on September 17, 1872, Ware sold to Kimball this land for $700; the latter giving the former a note for $431.48, balance of the purchase-money, with a verbal agreement that in a short time he (Kimball) would secure this note by a mortgage back on the land.   On June 20, 1873, Kimball executed the mortgage in question, but dated as of September 17, 1872, and on the same day deposited it with the register of deeds, with instructions to record it upon the happening of a certain contingency, which never happened;

but, contrary to these instructions, the register recorded it on the same day, and then returned it to Kimball. Subsequently, and during the same summer, (of 1873,) Kimball notified Ware by letter that he had secured the debt by mortgage, in compliance with the previous oral agreement. The instrument itself, however, remained in the custody of Kimball until 1885, when it was delivered to Ware. When, in August, 1874, Kimball filed his petition in the United States district court to be declared a bankrupt, in his schedules accompanying it he named Ware as a secured creditor, stating that his claim was secured by mortgage on this land, and that it was for unpaid purchase-money. This abundantly justified a finding that there was a delivery of the mortgage. Kimball's conduct clearly evinced an intention that it should take effect, and an understanding that it had taken effect and become operative as a mortgage. The fact that he directed that it should only be recorded upon the happening of a certain event, which in fact never occurred, is by no means conclusive of an intention not to deliver, for recording is not essential to a delivery. Moreover, even if he had such an intention at the time, his subsequent conduct in reference to the mortgage would justify an inference of a change of mind. This inference might be drawn from his communication to Ware, his statement in his schedules in bankruptcy, and from the fact that when the recorded instrument was returned to him, so far as appears, he never objected to its having been recorded.

2. The purchase-money note which this mortgage was intended to secure was for $431.48, with interest at 6 per cent. The condition of the mortgage is for the payment of $700 purchase-money of the mortgaged premises, "according to the condition of a promissory note executed by Kimball to Ware; which note is for $700, and is drawing interest at 7 per cent. per annum, and bearing even date herewith." It will be observed that the debt is correctly stated to be for purchase-money of the premises. The parties to the note, and the date, are also correctly stated, but the amount of the principal and rate of interest are incorrectly stated. The court finds that Kimball inserted the amount of the note and rate of interest from memory, and by mistake inserted the full amount of the original pur-

chase-money, ($700,) instead of $431.48, the actual amount of the note. He also finds that Kimball executed the mortgage without any actual intent to defraud his creditors. There was, in fact, no note for $700, and no note for purchase-money, except the one for $431.48. There is no claim that plaintiff, or any one under whom he claims, has been in fact injured or prejudiced by the misdescription of the debt secured by the mortgage.

In Connecticut, there is a line of decisions, copiously cited by plaintiff, founded on the supposed policy of the recording system of that state, which hold that the record of a mortgage must disclose the true state of the incumbrance, with as much certainty as the nature of the case will admit of, or the mortgage will be absolutely void as to attaching creditors and subsequent purchasers. The doctrine of these cases has never, so far as we know, been adopted elsewhere. On the contrary, it is settled in this state that if a mortgage be executed for a valuable consideration, and in good faith, and not for the purpose of defrauding the creditors of the mortgagor, its validity is not affected by the fact that it is given for a larger sum than is actually due, or that its condition misrepresents the obligation or liability in fact secured, or intended to be secured; that the real consideration may be shown, to repel an attack by a creditor against its validity. *Minor* v. *Sheehan,* 30 Minn. 419, (15 N. W. Rep. 687;) *Berry* v. *O'Connor,* 33 Minn. 29, (21 N. W. Rep. 840.) The same rule would, of course, apply as against subsequent purchasers. This may be shown by parol evidence. It does not come within the rule that a written instrument cannot be contradicted or varied by parol, but stands upon the same footing as evidence to show that the actual consideration for a deed is different from that expressed in the instrument; hence, where the note secured by a mortgage is in some particulars misdescribed, it may be shown by parol evidence that it was the one intended to be described. *Bourne* v. *Littlefield,* 29 Me. 302; *Williams* v. *Hilton,* 35 Me. 547, (58 Am. Dec. 729;) *Johns* v. *Church,* 12 Pick. 557, (23 Am. Dec. 651;) *Stanford* v. *Andrews,* 12 Heisk. 664; *McKinster* v. *Babcock,* 26 N. Y. 378. The parol evidence in this case went merely to the fact that the amount of the note secured was misstated, and that the one intended was for a less sum. Even if the

suit had been one to foreclose, and between the parties to the mortgage themselves, we see no reason why this evidence would not have been admissible without any previous correction of the instrument. But it certainly is in an action by a third party to have the mortgage declared void and cancelled. In such a case the mortgagee may introduce such evidence to show that the mortgage is valid, and hence ought not to be adjudged void.

Order affirmed.