CARL C. KNAPSTEIN, Assignee,

*v.*

JOHN B. TINNETTE.

*Filed at Ottawa May 15, 1895.*

1. INSOLVENCY—*right of owner to papers, as against assignee.* New notes and mortgages made by a banker to replace a note and mortgage left in the bank's custody, but used by an employee of the bank for his own purposes, which new notes and mortgages were accepted by the owner in lieu of those so appropriated, can be held by such owner as against the assignee for creditors of the maker, although the papers were left in the bank's custody.

2. DELIVERY—*of notes and mortgages—what sufficient as against assignee.* Such notes and mortgages are sufficiently delivered by executing and handing them to an employee of such bank for record, informing the mortgagee of such fact, and his express assent to the arrangement, although they are not, in fact, recorded, and are left in the bank vault until after an assignment by the mortgagor.

*Knapstein v. Tinnette,* 57 Ill. App. 570, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District, affirming an order of the county court of Cook county directing the assignee of Conrad L. Niehoff, insolvent, to turn over to John B. Tin-

nette, the appellee, two certain unrecorded trust deeds made by said Conrad L. Niehoff, the one conveying real estate on North Clark street, in the city of Chicago, and the other conveying real estate on Thirty-ninth street, in the city of Chicago, and securing two principal notes, one for $7000 and the other for $3000, made by said Conrad L. Niehoff to his own order, and by him endorsed in blank. Both of said trust deeds bear date June 5, 1893, and purport to have been acknowledged June 6, 1893, before Otto E. Niehoff, notary public.

On June 8, 1893, Conrad L. Niehoff made an assignment for the benefit of creditors. On July 1, 1893, there was filed in the county court the petition of John B. Tinnette, claiming that the two unrecorded trust deeds before mentioned were his property, although they were in the possession of the assignee of said insolvent. On June 5, 1894, the county court entered an order directing the assignee of the insolvent to turn over the said $7000 and $3000 notes to said John B. Tinnette, petitioner, and from this order the assignee appealed to the Appellate Court, where, as stated before, the order of the county court was affirmed.

ALBERT H. MEADS, for appellant.

VOCKE & HEALY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The first ground relied upon in the argument to reverse the judgment is, that the facts alleged in the petition are not supported by a preponderance of the evidence. It appears from the evidence that Conrad L. Niehoff was a private banker in Chicago. For several years appellee had transacted all his business at this bank. In the month of November, 1891, appellee purchased at the bank a note and mortgage executed by Frank J. Niehoff for $10,000. The mortgage was given on premises situated on West Twelfth street. Upon the

purchase of the note and mortgage appellee left the papers, with others, in Niehoff's bank for safe keeping, the bank making a memorandum of the papers on the back page of appellee's pass-book. On or about the fifth day of May, 1893,—some three months before the $10,000 note became due,—Frank J. Niehoff, who was employed by his father in the bank, without the knowledge or consent of appellee took this $10,000 note and mortgage and transferred the same to A. J. Graham, a banker on the west side, for the purpose of raising money to discharge a liability due the west town as supervisor. After Frank J. Niehoff appropriated the $10,000 note and mortgage to his own use, his father, Conrad L., on June 5, 1893, executed the note and mortgage for $7000 and the note and mortgage for $3000, and left them in the bank, and the question in dispute is, whether these securities passed to appellee in lieu of the $10,000 note and mortgage which had been appropriated by Frank J. Niehoff to his own use, or did they, at the time of the assignment, belong to the bank, and pass to the assignee under the assignment.

It may be conceded that there is some conflict in the evidence, but when it is all considered and properly understood we are inclined to the opinion that the county court and the Appellate Court arrived at a correct conclusion in holding that appellee was entitled to the two notes and mortgages in controversy. The appellee, and one John W. Berlinger, a witness entirely disinterested, both testified that between ten and twelve o'clock in the morning of June 7, 1893, while the bank was still in full operation, they called at the bank, and Niehoff then told appellee that he had changed his $10,000 mortgage into two mortgages,—one for $7000 and one for $3000, the two mortgages in controversy,—and that he had given the mortgages to his son, Frank, to be recorded and then to be handed to appellee, and that after some further conversation in regard to appellee selling the two mortgages

to raise the money thereon, appellee said he was satisfied with the change that had been made. In the afternoon of the day of this conversation the bank failed, and on the day following made an assignment. It also appears that Frank J. Niehoff failed to record the two mortgages, and when the vault of the bank was opened, a few days afterwards, the two mortgages were found on the shelf in the vault, just inside the door, lying loose on the top of some other papers. If Conrad L. Niehoff, after the taking and appropriating to his own use by Frank J. Niehoff of a note and mortgage for $10,000 belonging to appellee, turned over to appellee the two mortgages in controversy, and appellee accepted the same in lieu of the other mortgage, as the evidence shows was done, the latter is entitled to be protected.

Reliance is placed by appellant on the testimony of one Troost, who testified, in substance, that a few hours after the conversation between Niehoff, Berlinger and appellee, he called at the bank, and Niehoff then had the $3000 mortgage in his possession and offered to sell it to him. What offer Niehoff may have made after the arrangement was consummated between himself and appellee, in the absence of appellee and without his knowledge, could not have any bearing on his rights.

Reliance is also placed on a letter written by appellee after the assignment, in which he failed to set up a claim to the two mortgages. The letter was prepared by an attorney who was not familiar with the facts, and signed by appellee without knowing its contents. Under such circumstances we do not regard the letter as entitled to much weight.

It was also shown that appellee made certain statements, after the assignment, inconsistent with his present claim. Some evidence of that character was introduced, but we do not think it sufficient to overcome the case made by appellee.

It is also contended that there was no delivery of the notes and mortgages to appellee, and hence the title did not pass. It is true that the mortgages were not actually passed over from the hands of Niehoff into the hands of appellee, but that was not required. As said in *Weber v. Christen*, 121 Ill. 96 : "It is well settled that this actual passing of the deed from the hands of one to that of the other is not absolutely essential in any case. Other acts, accompanied with a clear intention to pass the title from one to the other, are equally efficacious in establishing a delivery." Here Niehoff was the agent of appellee. He held the custody and possession of notes and mortgages owned by appellee. The $10,000 note and mortgage which had been converted were never in the actual custody of appellee, but had been left in the hands of Niehoff. Without authority they were appropriated to his own use by Frank J. Niehoff. Afterwards Conrad L. executed the two mortgages in controversy, and a short time after their execution he informed appellee that he had changed the $10,000 mortgage into the two, and had set them apart for him by placing them in the hands of his son to be recorded, and after record appellee could take them. This arrangement was satisfactory to appellee, and he expressly assented to it, and we think what was done by the two parties may be regarded as a sufficient delivery of the notes and mortgages. From what was done, the manifest intent of Niehoff, the mortgagor, and appellee, was, that the two notes and mortgages should take effect and become valid instruments in the hands of appellee, and that intent should prevail although the mortgages were not left for record, as it was agreed they should be, but were found in Niehoff's place of business after the assignment.

We think the judgment of the Appellate Court was correct, and it will be affirmed.

*Judgment affirmed.*