SCOFIELD IMPLEMENT COMPANY v. MINOT FARMERS
GRAIN ASSOCIATION.

(154 N. W. 527.)

**Future advances — mortgage to secure same — good faith — valid — lien created — extent of.**

1. A mortgage which is given in good faith in whole or in part to secure future advances whether the object is expressed in the mortgage or not is valid to the extent of the lien therein expressly created.

**Mortgage — delivery of — no particular form necessary — by words — acts — new agreement — for future advances — redelivery unnecessary.**

2. No particular form or ceremony is necessary to constitute a sufficient delivery of a mortgage. It may be by words without acts, or by acts without words, or by both combined. Manual transfer of the document from the hands of the mortgagor to the hands of the mortgagee is not essential. It is only required that there shall be manifested a clear intention of the parties that the instrument shall become operative as a mortgage. Where, therefore, the consideration of a mortgage and note has failed by reason of the cancelation of the agreement under which it is delivered, the mortgage may be, by a parol agreement, retained as security for future advances which are to made under a new agreement, and no new physical delivery or execution is necessary.

Appeal from the District Court of Ward County; *Leighton,* J.

Action of conversion for the conversion of certain grain claimed to be subject to the lien of a mortgage. Judgment for plaintiff.

Defendant appeals.

Reversed.

*Bosard & Twiford,* for appellant.

A mortgage to secure future advances is good in law, and it is permissible to show by parol the agreement to advance the money thereunder, and holdings of the trial court to the contrary constitute prejudicial error, for which a new trial must be granted. Union Nat. Bank v. Moline, M. & S. Co. 7 N. D. 201, 73 N. W. 527; Merchants' State Bank v. Tufts, 14 N. D. 238, 116 Am. St. Rep. 682, 103 N. W. 760; 1 Jones, Mortg. 6th ed. pp. 300–320; Tapia v. Demartini, 77 Cal. 383, 11 Am. St. Rep. 288, 19 Pac. 641; Robinson v. Williams, 22 N. Y. 380; McDaniels v. Colvin, 16 Vt. 300, 42 Am. Dec. 512; Nelson v. Boyce, 7 J. J. Marsh, 401, 23 Am. Dec. 411.

*Francis J. Murphy,* for respondent.

The lien of a chattel mortgage in this state is special, and the same can only be enforced for the performance of a particular act or obligation. Comp. Laws 1913, §§ 6702, 6703.

A lien cannot be extended so as to cover or secure the performance of any obligation other than the one originally secured thereby. Comp. Laws 1913, § 6720.

A mortgage cannot be extended by parol to cover anything other than the debt secured, so as to bind junior encumbrancers in this state. Comp. Laws 1913, §§ 5831, 5938, 6187, 6758; 6 Cyc. 1020, 1021.

BRUCE, J. This is an action of conversion brought against the defendant Grain Association by the Scofield Implement Company on account of the alleged wrongful sale of grain alleged to be covered by a chattel mortgage. The main, if not the sole, defense of the defendant Grain Association is that paramount to the lien of the plaintiff was the lien of a chattel mortgage on crops which was given as part security for the purchase price of the land, but which afterwards, and before the execution of the chattel mortgage to the plaintiff, was by a verbal agreement released as security for the purchase price of the land, but by an oral agreement retained as security for advances which were thereafter to be and were thereafter made to the said mortgagor for the purpose of operating and developing the land under a lease thereof.

We are of the opinion that these facts could be proved under the pleadings, and that even if the error of the court in refusing to allow the defendant to prove them was afterwards cured by the admission of testimony which covered substantially the same proposition, he erred in directing a verdict for the plaintiff which could only have been on the ground that such evidence was inadmissible. The answer alleges,— "that: on the 6th day of April, 1909, Phillip Kershtien made, executed, and delivered to Jourgen Olson, promissory notes aggregating $5,680, $5,200 of said amount bearing interest at the rate of 5 per cent per annum, and the sum of $480 thereof bearing interest at the rate of 12 per cent per annum, said notes maturing November 1, 1909; that at the same time and place, and as a part of the same transaction, and for the purpose of securing the payment of said indebtedness, the said Phillip Kershtien made, executed, and delivered to Jourgen Olson, a

chattel mortgage wherein and whereby the said Phillip Kershtien mortgaged to the said Jourgen Olson all crops of every kind, nature and description, raised, sown, and grown on the lands described in plaintiff's complaint; . . . that under and pursuant to the power of sale contained in said mortgage, and agreeably to the statute pertaining thereto, and for the purpose of realizing on said security, Jourgen Olson took possession of the said grain at the time the same was threshed, and a portion of said grain was sold to the defendant, and the defendant then and there, with the consent and permission of the said Phillip Kershtien, paid the purchase price of said grain to Jourgen Olson as first mortgagee of said grain, or the portion thereof sold at defendant's elevator." It is true that the proof shows that this mortgage was first given to secure the purchase price of the land, and that the agreement that it should stand for security for future advances under the lease was made afterwards. The answer, however, nowhere states what consideration for the said notes and mortgage was paid or furnished to the said Phillip Kershtien, and since a mortgage can be given to secure future advances it was really immaterial whether the mortgage notes were given for the purchase price of the land or merely given to secure those future advances. The fact still remains that a note for $5,680 had been given, was extant, and was unsatisfied, and if not given in the first place on account of the future advances, was by the substituted arrangements existing as security therefor.

Even if given for future advances in the first instance it would have been unnecessary to have stated that fact in the mortgage or in the note. Union Nat. Bank v. Moline, M. & S. Co. 7 N. D. 201, 73 N. W. 527. It would also have been unnecessary to have stated that fact in the pleadings, a general allegation to the effect that such note had been given and such mortgage had been executed as security therefor and that such note was unpaid being sufficient.

It seems, too, to be quite generally held that a mortgage to secure future advances is valid, and that such a mortgage need not express its object upon its face, although it is better that it should. The true principle seems to be "that a mortgage knowingly and intentionally given and taken for a larger amount than is due, and not as security for future advances, is fraudulent as against the other creditors of the mortgagor, but that a mortgage given in good faith, in whole or in part,

to secure future advances, whether the object be expressed in the mortgage or not, is valid to the extent of the lien therein expressly created. It must show upon its face the utmost amount intended to be secured, but it need not show whether that amount represents an existing debt or future advances. A mortgage which misrepresents the transaction between the mortgagor and mortgagee is liable to suspicion, and ought to be critically examined; but if upon investigation the real transaction turns out to be fair and to have been had in good faith, it would be unjust to deprive the person claiming under it of his equitable rights. It is always better, however, for obvious reasons, that the mortgage should be drawn so as to show the true object . . . of the transaction, for suspicion is engendered by misrepresentation, but disarmed by a statement of the truth." See opinion in Tully v. Harloe, 35 Cal. 302–309, 95 Am. Dec. 102. See also Minor v. Sheehan, 30 Minn. 419, 15 N. W. 687.

We, in short, have held in the case of Union Nat. Bank v. Moline, M. & S. Co. 7 N. D. 201, 73 N. W. 527, that "a mortgage to secure future advances is valid as to the mortgagor, and also as to third persons. . . . If such mortgage states on its face that it is given as security for future advances, or if it appears to be a mortgage for a specified sum, and the total amount claimed to be due under it does not exceed such sum, the holder of a second lien on the same property, who has notice, either actual or constructive, of such mortgage, takes subject thereto, not only as to all advances which had been made when his lien attached, but also as to all future advances made by the holder of such mortgage before notice that another lien has attached to the property. . . . The recording of the second lien does not give the holder of the prior mortgage constructive notice of such second lien, and therefore advances thereafter made are protected the same as advances made before such second lien is recorded, provided the holder of the first lien has no other notice of the existence of such subsequent lien." See also Tully v. Harloe, 35 Cal. 302, 309, 95 Am. Dec. 102; Minor v. Sheehan, supra; Barnard v. Moore, 8 Allen, 273; Anderson v. Liston, 69 Minn. 82, 72 N. W. 52; Sayre v. Hughes, 32 N. J. Eq. 652.

It is undoubtedly "generally held that a mortgage on land cannot, by any mere parol agreement of the parties, be made to cover any other debt, or any fresh advances, or any larger amount than that expressed

in the mortgage itself,—certainly not to the prejudice of third persons acquiring rights in the property or liens upon it." 27 Cyc. 1075. We find nothing in the rule, however, which would seem to preclude a redelivery of a note and mortgage which is given to secure a definite amount, but the consideration of which has failed by the cancelation of the sale for which the debt was incurred, so that the new note and mortgage would secure a new debt. Such a procedure would merely save the necessity of formally re-executing the instruments; and as long as the date and lien of the mortgage and the making of the new agreement were prior to the execution of plaintiff's note, we cannot see that any rights would be violated. It is true that in the case at bar there is no proof of any new physical delivery.

We, too, are not unmindful that § 6712 of the Compiled Laws of 1913 provides that "the existence of a lien upon property does not of itself entitle the person in whose favor it exists to a lien upon the same property, for the performance of any other obligation than that which the lien originally secured." It is to be noticed, however, that the statute expressly uses the words, "does not of itself," and here we have proof of the oral agreement, or rather of the redelivery of the note and mortgage for the new consideration. The transaction, indeed, to our minds in effect amounted to a new delivery. "No particular form or ceremony is necessary to constitute a sufficient delivery of a mortgage. It may be by words without acts, or by acts without words, or by both combined. Manual transfer of the document from the hands of the mortgagor to those of the mortgagee is not essential. It is only required that there should be manifested a clear intention of the parties that the instrument shall become operative as a mortgage, and that the mortgagor shall lose and the mortgagee acquire the absolute control over it." 27 Cyc. 1114. Here the proof which was allowed to be introduced tended to show this new delivery, or at any rate the plaintiff should have been permitted to have shown it. So, too, we are not unmindful of § 5938 of the Compiled Laws of 1913, which provides that "a contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise." We have before us, however, not an attempt to alter a contract in writing, but a case where the consideration of a mortgage and mortgage note has failed by reason of the cancelation of the original agreement under which it was delivered

31 N. D.—39.

and the redelivery of it for another consideration which was sufficiently expressed in the note and mortgage, so that the redelivery of the same was not necessary.

For the reasons stated above we are satisfied that the learned trial judge erred in excluding evidence of the lease, and the contract for advances and the nature and extent thereof, and in directing a verdict for the plaintiff, and for those reasons the judgment is reversed and a new trial is ordered.