64 F.2d 296 (1933)
In re CUNNINGHAM.
HIGDON et al.
v.
JONES et al.
No. 3403.
Circuit Court of Appeals, Fourth Circuit.
April 4, 1933.
*297 T. B. Higdon, of Atlanta, Ga., for appellant W. L. Higdon.
Wm. L. McCoy, of Franklin, N. C. (R. D. Sisk, of Franklin, N. C., on the brief), for certain creditors, appellees.
Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.
SOPER, Circuit Judge.
Higdon and Franks filed a petition in the matter of W. C. Cunningham, a bankrupt, asking that a deed of trust on a stock of goods, executed by the bankrupt for their benefit, be enforced as a prior lien on the property described therein. The bankrupt bought the stock of goods from one J. T. Porter for $10,000 on January 27, 1930, paying $500 in cash and giving his promissory notes, payable in four months for the balance, indorsed as an accommodation by Higdon and Franks. In order to secure the indorsers from loss, he agreed to execute and record a deed of trust on the goods. A draft of the paper was prepared by the trustee named therein and delivered by him to the bankrupt on February 10, 1930, who signed the document, but instead of recording it, put it in his desk and left it there until December 12, 1930, when he probated it and filed it for record with the clerk of the superior court, the official designated for that purpose by the North Carolina statutes. Subsequently, the indorsers obtained the deed from the recording office.
The petition in bankruptcy was filed on March 28, 1931. In the meantime, the bankrupt had reduced the indebtedness to the sum of $5,000, represented by a four months' renewal note which had fallen due on March 27, 1931, and had not been paid. In the early part of 1930, when the original notes were given and the deed of trust was arranged for and signed, the bankrupt was thought to be solvent; but on December 12, 1930, when the deed was proved and left for record, he was insolvent and the indorsers had reasonable ground to believe that such was the case and that the enforcement of their claim against the goods would give them a preference over other creditors of the bankrupt. Although the indorsers had not paid the note when the bankruptcy proceeding was begun, they had provable claims against the estate of the bankrupt arising from their obligation to pay his debt. Williams v. U. S. Fidelity Co., 236 U. S. 549, 35 S. Ct. 289, 59 L. Ed. 713.
The District Judge held that the transaction involved a voidable preference, and dismissed the petition of the indorsers. They contend, on this appeal, that the burden of proof was on the trustee in bankruptcy to show, amongst other things, that the deed of trust was executed under such circumstances as would give them reasonable cause to believe that the enforcement of the lien created *298 by the deed would effect a preference, and that the proof not only failed in this respect, but showed affirmatively to the contrary that Cunningham was solvent when the notes were indorsed and the deed was executed. Moreover, they contend that the deed of trust was executed for the indemnification of the indorsers through whose aid the stock of goods was acquired, and hence it was given for a present consideration and not in such a way as to constitute payment or security for a pre-existing debt.
The District Court agreed that no preference was created by the execution of the deed of trust in February, 1930, when the grantor was in a solvent condition, but based its decision on the circumstance that the deed was not recorded until December 12, 1930, within four months of the filing of the petition in bankruptcy. Section 60b[1] of the National Bankruptcy Act, 11 U. S. C. § 96 (b), 11 USCA § 96(b), provides in substance, amongst other things, that a transfer is voidable by the trustee in bankruptcy if it is required by law to be recorded and is not recorded prior to four months before the filing of the petition in bankruptcy; provided that the transferrer is then insolvent, the transfer then operates as a preference, and the transferee then has reasonable cause to believe that a preference will be effected.
The application of this section to the facts of this case turns upon the question as to whether, under the law of North Carolina, the deed of trust was required to be recorded. Section 3311 of the Consolidated Statutes of North Carolina, provides that no deed of trust or mortgage for real or personal property shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration except from the registration of the document where the grantor or mortgagor resides. The decisions of the Supreme Court of North Carolina interpreting this statute, which are binding upon federal courts in this respect, Firestone Tire & Rubber Company v. Cross (C. C. A.) 17 F.(2d) 417, clearly hold that an unrecorded mortgage or deed of trust is valid under this section as between the parties and as against general creditors, unless the claims of the general creditors have become fastened upon the property, as by insolvency or bankruptcy proceedings, before the recording takes place. Leggett v. Bullock, 44 N. C. 283; South Georgia Motor Company v. Jackson, 184 N. C. 328, 331, 114 S. E. 478; McBrayer v. Harrill, 152 N. C. 712, 68 S. E. 204; Observer Company v. Little, 175 N. C. 42, 94 S. E. 526, 527; Hinton v. Williams, 170 N. C. 115, 86 S. E. 994; National Bank of Goldsboro v. Hill (D. C.) 226 F. 102, 105, 115.
In McBrayer v. Harrill, the plaintiff's mortgage was not recorded until after the death of the mortgagor, and the defendant administrator of the mortgagor paid unsecured creditors out of the proceeds of the sale of the property without regard to the lien of the mortgage. He was held liable for the full amount of the debt on the ground that the unrecorded mortgage was a valid lien upon the estate as against other simple debts.
In Observer Company v. Little, speaking of the statutes in regard to the registration of deeds and mortgages, the court said: "In order for a creditor to avail himself of these registration statutes, it is very generally understood that he must by some judicial process or method, take steps to fasten his claim upon the property. In one or more of the decisions on the subject, it is said that he should be `armed with legal process' for the purpose."
In National Bank of Goldsboro v. Hill (D. C.) 226 F. 102, 115, Judge Connor said: "It is well settled by the decisions in this state that, unless a general creditor has secured a specific lien on the property of the mortgagor or grantor, before the registration *299 of the deed or mortgage, it is valid as against general creditors from its registration."
We have to do in the pending case only with general creditors, for the rights of purchasers for a valuable consideration and of creditors armed with a lien or with legal process are not involved, and the mortgage was recorded before the institution of the bankruptcy proceedings.
It follows, having reference to the rights of the general creditors of the bankrupt, that the recording of the transfer was not required by the North Carolina law in the sense in which that word is used in section 60b. The Supreme Court of the United States has held that Congress did not undertake in section 60 to hit all preferential transfers (otherwise valid) merely because they are not disclosed either by record or possession more than four months before the bankruptcy proceeding. The provision that transfers recorded within four months of the bankruptcy proceeding may be avoided, if the elements of a preferential transfer then exist to the knowledge of the transferee, and if recording is required, has reference not to cases where recording is required in order to give validity to the transaction as between the parties, but only to those cases where recording is necessary to make the transfer valid as against those concerned in the distribution of the insolvent estate. Carey v. Donohue, 240 U. S. 430, 437, 36 S. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295; Martin v. Commercial National Bank, 245 U. S. 513, 38 S. Ct. 176, 62 L. Ed. 441. The earlier decision in Covington v. Brigman (D. C.) 210 F. 499, affirmed (C. C. A.) 219 F. 500, where the facts were similar to those in the pending case, cannot now be regarded as authoritative; but the decision of this court in Hetherington v. Rudisill, 28 F.(2d) 713, 716, 62 A. L. R. 377, is in harmony with the rule announced by the Supreme Court, for there the rights of general creditors had been fastened upon the property by the judicial process of a receivership to the exclusion of the subsequently-recorded lien of a conditional sales contract. Hence it was correct to say, under the facts disclosed, that the registration of the contract was "required" by the North Carolina statutes. These authorities make it clear that the decision of the District Court cannot be sustained under section 60b on the ground that the deed of trust was a document "required" by the state law to be recorded.
Since the above decisions of the Supreme Court were delivered, section 60a of the Bankruptcy Act has been amended by the Act of May 27, 1926, ch. 406, § 14, 44 Stat. 666, 11 U. S. C. § 96(a), 11 USCA § 96(a), by the addition of the words "or permitted" to the end of the section, and we must consider the effect of this amendment. Section 60a merely defines the elements of which a preference consists, and it does not provide that all such preferences are voidable at the suit of the trustee in bankruptcy. Voidable preferences are defined by section 60b, and it is significant that it was not touched by the amendment of 1926, and that it is still confined to recordings required by law as distinguished from recordings permitted by law. So it was held in First National Bank of Lincoln v. Live Stock National Bank (C. C. A.) 31 F.(2d) 416, we think correctly, that, notwithstanding the amendment of 1926, a deed of trust, which is not preferential when given, does not become a voidable preference because it is not recorded until within four months of bankruptcy, the grantor being then insolvent to the knowledge of the grantee, where recording is permitted by the state law.
It was pointed out in Carey v. Donohue, 240 U. S. 430, 435, 36 S. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295, that section 60 in its original form made no reference to recording. The four months' period ran from the time of the giving of the preference, whether the transfer had or had not been recorded, whereas in section 3b of the act, 11 USCA § 21(b), referring to the time within which a petition in bankruptcy may be filed after the commission of an act of bankruptcy, when the act consists in having made a preferential transfer, it was provided that the four months' period should not expire until four months after the date of the recording of the transfer, if by law recording was required or permitted. The Act of February 5, 1903, ch. 487, 32 Stat. 797, 799, 800, secured uniformity between the sections to the extent of introducing the provisions in regard to recording required by law. The act of 1926 completed the process so far as section 60a is concerned by including recording permitted by law. It is said in First National Bank v. Live Stock National Bank (C. C. A.) 31 F.(2d) 416, 419, that this was the full effect of the amendment, and that it did not in any way change the rule with reference to preferences that are voidable. On the other hand, it is suggested elsewhere [See Matter of Wood, 21 A. B. R. (N. S.) 502, and Matter of Bowles, 14 A. B. R. (N. S.) 133] that something more than uniformity between section 3b and section 60 was involved in the amendment of 1926, and that when sections 60a *300 and 60b are read together in the light of the amendatory acts of 1903 and 1926, and of the Act of June 25, 1910, ch. 412, § 11, 36 Stat. 482, 11 U. S. C. § 96 (11 USCA § 96), they seem to say that a voidable transfer takes place, where recording is merely permitted, if at the time of the transfer the transferrer is insolvent, the effect thereof is to create a preference and the transferee has knowledge of the circumstances, provided that it is not recorded more than four months prior to the institution of bankruptcy proceedings. That question is not involved here, and need not be decided, for it is established by the evidence that the transfer was valid when made, and that the elements of a preference existed only when the deed of trust was recorded.
The deed of trust, however, created a voidable preference under section 60 of the act quite apart from the provisions of that section in regard to registration, for it did not become effective as a conveyance or transfer at all until it was recorded on December 12, 1930, within four months of the filing of the petition in bankruptcy. There is no direct evidence that the deed was actually signed on February 12, 1930, the date appearing on its face, but if we infer, as did the District Judge, that it was signed on that date, it still remained within the grantor's exclusive control until it was left with the clerk for record. We may accept this act as a sufficient delivery under the prevailing rule. Robbins v. Rascoe, 120 N. C. 79, 26 S. E. 807, 38 L. R. A. 238, 58 Am. St. Rep. 774; Phillips v. Houston, 50 N. C. 302; Snider v. Lackenour, 37 N. C. 360, 38 Am. Dec. 685; Newlin v. Osborne, 49 N. C. 157, 67 Am. Dec. 269. But the result is that the transfer did not take effect until the four months had started to run and the grantor had become insolvent to the knowledge of the grantee. The fundamental rule is that delivery is essential to the validity of a deed as the final act which consummates it, and delivery does not take place until the deed passes out of the control of the grantor and into the actual or constructive control of the grantee. Smith v. Moore, 149 N. C. 195, 62 S. E. 892. There are authorities, it is true, which hold that mere manual control by the maker of an executed deed or mortgage is not inconsistent with a legal delivery, provided that there is convincing evidence that he intends the instrument to become operative from the date of its execution. Smith v. Moore, supra, 149 N. C. 195, 196, 62 S. E. 892; Kirby v. Bank of Dearborn, 323 Mo. 356, 19 S.W.(2d) 1043; Scofield Co. v. Grain Ass'n, 31 N. D. 605, 609, 154 N. W. 527; Knapstein v. Tinnette, 156 Ill. 322, 40 N. E. 947; Gorham's Adm'r v. Meacham's Adm'r, 63 Vt. 231, 22 A. 572, 13 L. R. A. 676; Nazro v. Ware, 38 Minn. 443, 38 N. W. 359; Terhune v. Oldis, 44 N. J. Eq. 146, 14 A. 638; Xenos v. Wickham, L. R. 2 H. L. 296, 16 L. T. 800; Waddell v. Hewitt, 36 N. C. 475, 481. Even these authorities require that the intent be shown by clear evidence, as by some act or word of the grantor, or some agreement between the parties to the instrument consistent with the retention of possession on his part. There is, however, no such evidence in this case. The agreement between the parties was that the grantor was both to execute and record the deed; but he failed in the latter particular, and, according to the testimony given by one of the grantees, this failure was not called to the latter's attention. It is a reasonable inference that the grantor withheld the deed from record in his own interest and did not register it until it became obvious to him that he was in financial difficulties. It is quite likely that the deed never would have been recorded and the transfer would never have taken place at all, if the bankrupt had been able to pay the note which the grantees in the deed had indorsed for his accommodation. The parties intended that the delivery should be accomplished by the deposit of the deed with the proper official for registration; and since this act constituting the delivery of the deed and effectuating the transfer did not take place until the four months' period had begun, the transfer was voidable by the trustee in bankruptcy for the benefit of the general creditors.
The judgment of the District Court is therefore affirmed.
NOTES
[1] Section 60. "Preferred creditors. (a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required or permitted.

"(b) If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent Jurisdiction."