## SMALL–FERRER, Inc., et al. v. WARE (two cases).

### In re GAINER'S ESTATE.
### Nos. 3490, 3515.

Circuit Court of Appeals, Fourth Circuit.
Jan. 4, 1934.

D. D. Stemple, of Philippi, W. Va., for appellants.

E. L. Maxwell, of Elkins, W. Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered in March, 1933, in the District Court of the United States for the Northern District of West Virginia, in the matter of In re Glenn W. Gainer, bankrupt, confirming an order of the referee refusing to allow as secured, and allowing as common claims only, certain claims of creditors of said bankrupt.

The record as presented is very incomplete and is not such a record as should be presented to this court. The facts can only be gathered from the opinion of the referee, and there is nothing in the record from which to ascertain the correctness of the findings.

However, there seems to be no dispute as to certain facts.

The bankrupt was engaged in mercantile business and suffered a loss from fire. This loss was adjusted in the amount of $3,742.45. There were a great number of claims of different creditors, about forty of which claims were in the hands of Attorneys D. D. Stemple and Paul Ware for collection. On August 24, 1931, more than four months before the adjudication of the bankruptcy of the said Gainer, he (Gainer) made an assignment to the said Stemple and Ware undertaking to assign and transfer to them, for the use and benefit of certain creditors, the funds due from the fire insurance companies liable for the fire loss to Gainer's stock of merchandise. This assignment, while it was permitted under the laws of West Virginia to be recorded, was not required to be recorded, and was never recorded.

After the bankruptcy of Gainer, the assignment was filed and urged as a prior lien upon the money due from the fire insurance companies. The referee found that, at the time of the assignment, the bankrupt was insolvent and that the assignees had knowledge of such insolvency, and entered an order refusing to allow the assignment as a preferred claim and allowing the claims of those creditors claiming under the assignment as common claims only. This order of the referee's was confirmed by the judge below.

It is claimed on behalf of appellants that under section 60a of the Bankruptcy Act as amended by Act May 27, 1926, 11 USCA § 96 (a), the assignment, not being required to be recorded under the laws of West Virginia and being made more than four months prior to the bankruptcy of Gainer, was valid and constituted a legal preference, even though the bankrupt was insolvent at the time the assignment was made.

A discussion of this point is found in an opinion by Judge Soper of this court in In re Cunningham, 64 F.(2d) 296, where it was held that, notwithstanding the amendment to section 60a by the act of 1926, a trust deed, not preferential when given, did not become a voidable preference because it was not recorded until within four months of bankruptcy; the grantor being then insolvent, where recording was permitted by the state law.

There is, however, another point not raised in the briefs, which we think controls here. The assignment was void under the laws of West Virginia. The referee found as

368

a fact, and we think his finding was correct, that Gainer was clearly insolvent at the time the assignment was made, and that Stemple and Ware, the assignees, knew this fact.

The referee further found that the assignment was made for the purpose of creating a preference; and there can be no question that it constituted an assignment for the benefit of creditors under which certain creditors were preferred. Wolf v. McGugin, 37 W. Va. 552, 16 S. E. 797; Pilson v. Rodeffer (C. C. A. 4th) 61 F.(2d) 976, and cases there cited. As such it was invalidated by chapter 40, article 1, section 5, of the West Virginia Code of 1931, which provides:

"Every transfer or charge made by an insolvent debtor attempting to prefer any creditor of such insolvent debtor, or to secure such a creditor or any surety or indorser for a debt to the exclusion or prejudice of any other creditor, shall be void as to such preference or security, but shall be taken to be for the benefit of all creditors of such debtor, and all the property so attempted to be transferred or charged shall be applied and paid pro rata upon all the debts owed by such debtor at the time such transfer or charge is made: Provided, That any such transfer or charge by an insolvent debtor shall be valid as to such preference or priority unless a creditor of such insolvent debtor shall institute a suit in chancery within one year after such transfer or charge was made to set aside and avoid the same and cause the property so transferred or charged to be applied toward the payment pro rata of all the debts of such insolvent debtor existing at the time such transfer or charge is made, subject, however, to the provisions hereinafter contained with reference to creditors uniting in such suit and contributing to the expenses thereof. * * * "

And we do not think that the assignment here in question is saved from the provisions of the section quoted by the terms of the last proviso of the section, which is as follows: "Provided further, That nothing in this section contained shall be taken to affect any transfer of bonds, notes, stocks, securities or other evidences of debt in payment of, or as collateral security for the payment of, a bona fide debt, or to secure any indorser or surety, whether such transfer is made at the time such debt is contracted or indorsement made or for the payment or security of a preexisting debt."

The assignment here was not of any "stocks, securities or other evidences of debt," but of claims against insurance companies constituting the larger part of the property of the bankrupt. The office of the proviso quoted was evidently to protect pledges of stocks, bonds, notes, etc., the physical possession of which would be transferred to the pledgee in accordance with ordinary commercial practice, not to shield a transfer by way of assignment of incorporeal assets, made with a view of granting a preference to certain favored creditors.

The assignment was made August 24, 1931. Within less than a year thereafter the petition in bankruptcy was filed. The bankruptcy court was vested with jurisdiction to determine controversies relating to the estate of the bankrupt. 11 USCA § 11 (7). And the trustee in bankruptcy was subrogated to the rights of creditors to set aside liens which had been created. 11 USCA § 107 (b). It was the duty of the trustee to contest in the bankruptcy proceeding the allowance of any claim of lien on the property of the bankrupt which could be avoided in the interest of creditors. It also appears that within one year after the transfer one of the creditors of the bankrupt actually attacked the transfer, in objections filed to the proofs of secured claims of the creditors whom the bankrupt had attempted to prefer. This complies with the requirement of the statute that suit in equity be instituted by a creditor within one year after the transfer to set aside or avoid the same, and was a sufficient attack upon the preferential transfer with respect to property which passed into the possession of the trustee in bankruptcy. In no aspect of the case, therefore, can there be any doubt that the preferential assignment was attacked by creditors within the one-year period prescribed by the statute.

As the proceeding below was in essence a controversy arising in bankruptcy as distinguished from a bankruptcy proceeding, the proper method of review was by appeal under section 24a of the Bankruptcy Act, 11 USCA § 47 (a) rather than by appeal under 24b, 11 USCA § 47 (b). In re Moore (C. C. A. 4th) 11 F.(2d) 62, 65; Baer v. Security Trust Co. (C. C. A. 4th) 33 F.(2d) 861, 862. On the appeal in case 3515 the decree of the court below will accordingly be affirmed. The appeal in case No. 3490 will be dismissed.

Case No. 3490 dismissed.

Case No. 3515 affirmed.