### BANK OF WADESBORO v. LITTLE
(two cases).

### In re CLARK.

### Nos. 3616, 3629.

Circuit Court of Appeals, Fourth Circuit.
June 11, 1934.

John M. Robinson, of Charlotte, N. C. (Rowland S. Pruette, of Wadesboro, N. C., on the brief), for appellant.

John A. McRae, of Charlotte, N. C. (J. C. Sedberry, of Rockingham, N. C., and H. P. Taylor, of Wadesboro, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from an order in the District Court of the United States for the Western District of North Carolina, in the matter of A. M. Clark, bankrupt, affirming the report of the special master, holding that the claim of the appellant for preference as to 160 bales of cotton was void.

The appellant, as a matter of precaution, brought his appeal under both sections 24a and 24b of the Bankruptcy Act (11 USCA § 47 (a, b). This he had a right to do. Bryan v. Speakman (C. C. A.) 53 F.(2d) 463, and authorities there cited. We are of the opinion that this is a controversy arising in bankruptcy proceedings and that the appeal was a matter of right, under section 24a, and that therefore the appeal in No. 3616 should be dismissed.

The bankrupt, A. M. Clark, filed a voluntary petition in bankruptcy as "A. M. Clark, trading as Clark Brothers," on the 12th day of January, 1932, and on that date was adjudicated bankrupt. Among the assets listed in the schedule filed by the bankrupt were 160 bales of cotton, and it was upon this cotton that appellant claimed a lien. On the 16th day of January, 1932, there was instituted in the superior court of Anson county, at Wadesboro, N. C., a claim and delivery proceeding for the purpose of obtaining possession of the said 160 bales of cotton. The appellant (herein referred to as the bank) was restrained from proceeding to get possession of said cotton, and the appellee, upon his qualification as trustee in the bankruptcy proceeding, took possession of it. The bank then filed a petition before the referee, setting up its lien, and the matter was referred to a special master, with direction to take evidence and report to the court. The special master found against the bank, and the judge below affirmed this finding, from which action this appeal was brought.

The bankrupt had been for a number of years engaged in running a farm in Anson county, N. C. This farm had been the property of his father and had been inherited by the bankrupt and four brothers of various ages, some of them minors, at the time of their father's death. From time to time the bankrupt had borrowed money from the bank for which he had given notes. Some of these notes reserved a lien upon the cotton stored on the farm conducted by the bankrupt. None of the cotton raised had been sold but had been allowed to accumulate until the 160 bales, here in controversy, were stored upon the farm. The cotton was insured for the benefit of the bank. On March 2, 1931, the bankrupt executed a note in the name of Clark Bros., by himself, payable to the bank in the sum of $7,800, this note stated that a lien on the 160 bales of cotton was given to secure its payment. This note was recorded by the bank in Anson county, N. C., on November 13, 1931, within four months of the filing of the petition in bankruptcy.

A number of questions are presented by the record, only one of which need be considered. It is admitted by attorneys for the trustee that the order of the court below is contrary to the conclusion reached by this court in Re Cunningham, 64 F.(2d) 296, where Judge Soper, in an able opinion, after discussing the various phases of the question here presented, reached the conclusion that a lien like that held by the bank here was valid. In Small-Ferrer, Inc., et al. v. Ware, 68 F.(2d) 366, this court reaffirmed the conclusion reached in Re Cunningham.

The decision in the Cunningham Case was reached after careful consideration, and we see no reason to change that conclusion in the instant case. The bank advanced the money that raised the cotton. With the exception

of a debt due for insurance on the cotton, the debts against the bankrupt estate are all due the brothers of the bankrupt, who knew, or should have known, of the transactions between the bankrupt and the bank covering a period of years. The equities are all with the bank.

In the event the cotton should be sold by the trustee, the bank should not be required, out of the proceeds of the sale, to bear a greater share of the expenses than it would have incurred had it proceeded to sell the cotton in its action in the state court.

The order of the court below is reversed in case No. 3629, and in case No. 3616 the appeal is dismissed.

No. 3616 appeal dismissed.

No. 3629 reversed.