WILLIAM D. VANAMAN

v.

SOLOMON R. FLIEHR et al.

[Argued and decided December 18th, 1908.]

1. The language "mortgagees in good faith," as used in *P. L. 1902 p. 487 § 4*, providing that a chattel mortgage not accompanied by immediate delivery, followed by actual and continued change of possession, shall be absolutely void as against mortgagees in good faith, unless the mortgage, having annexed thereto a prescribed affidavit or affirmation, be recorded as directed, &c., includes a mortgagee whose mortgage secures a pre-existing indebtedness.

2. A "subsequent chattel mortgagee in good faith" is one who receives his mortgage without knowledge of the existence of a prior mortgage.

3. *P. L. 1902 p. 487 § 4* provides that a chattel mortgage not accompanied by immediate delivery, followed by actual and continued change of possession, shall be absolutely void as against mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit stating the consideration, be recorded as directed, &c.—*Held*, that in the absence of actual notice of a prior mortgage or the record thereof, the good faith of a subsequent mortgagee is not destroyed by the constructive notice afforded by a record containing a false affidavit touching the consideration, and the subsequent mortgage will receive the protection of the statute.

On bill for injunction.   On return of order to show cause.

*Mr. S. Conrad Ott,* for the complainant.

*Mr. Horace F. Sutton* and *Mr. D. Truman Stackhouse, Jr.,* for the defendants.

LEAMING, V. C.

*Knowles Loom Works* v. *Vacher, 57 N. J. Law (28 Vr.) 490; affirmed, 59 N. J. Law (30 Vr.) 586,* must be regarded as conclusive in this court to the effect that the statutory language "mortgagees in good faith," as used in section 4 of our Chattel Mortgage act *(P. L. 1902 p. 487)* includes a mortgagee whose mortgage has been executed to secure a pre-existing indebtedness.

A subsequent mortgagee in good faith is a mortgagee who receives his mortgage without knowledge of the existence of a prior mortgage.   *Graham Button Company* v. *Spielman, 50 N. J. Eq. (5 Dick.) 120, 123; affirmed, 50 N. J. Eq. (5 Dick.) 796; Boice* v. *Conover, 54 N. J. Eq. (9 Dick.) 531, 538; Bank* v. *Sprague, 21 N. J. Eq. (6 C. E. Gr.) 530, 536.* It follows that complainant's mortgage will receive the protection of the statute if complainant is a mortgagee who at the time of the execution of his mortgage had no knowledge of the existence of the prior recorded chattel mortgage, which contained a false affidavit touching its consideration.   I am unable to reach the conclusion that any constructive notice afforded by the record of such prior mortgage operates, in the absence of actual notice of the prior mortgage or of the record thereof, to destroy the good faith of a subsequent mortgagee.   The mortgage which the record protects against creditors and subsequent *bona fide* mortgagees of the mortgagor is a mortgage recorded with an affidavit annexed thereto, which complies with the requirements of the statute.   The fifth and eighth sections of the act clearly refer to mortgages executed in conformity to the provisions of the fourth section.

While the bill in this case does not in terms aver that complainant was without knowledge of the existence of the prior

mortgage at the time he took his mortgage, the affidavit of complainant states that at the time complainant received his mortgage, defendant induced him to believe that no prior mortgage existed. As the relief sought will be lost unless the present status is maintained until final hearing, I think complainant should be permitted to amend his bill and supplement his affidavits that it may appear with positiveness, if true, that complainant was wholly without notice of the existence of the prior mortgage or of the record thereof. Defendant may also, if he desires, file any additional affidavits, which may tend to show knowledge on the part of complainant. If, after amendment and further hearing, it clearly appears that complainant was without notice of the prior mortgage, I will advise an order that no sale be made under the prior mortgage until after a final hearing can be had. I will hear the amendment and supplemental affidavits on Tuesday, December 22d, 1908, at ten o'clock.