## BRIGMAN v. COVINGTON.

### In re BRIGMAN et al.

(Circuit Court of Appeals, Fourth Circuit. January 13, 1915.)

No. 1281.

BANKRUPTCY ⊚═166—"PREFERENCE"—CHATTEL MORTGAGE—REGISTRATION.

Under Revisal N. C. 1905, § 982, providing that no mortgage of real or personal property shall be valid against creditors or purchasers but from the registration thereof, and Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562) § 60b, as amended in 1903 (Act Feb. 5, 1903, c. 487, 32 Stat. 799, § 13) and 1910 (Act June 25, 1910, c. 412, 36 Stat. 842, § 11 [Comp. St. 1913, § 9644]), providing that if a bankrupt shall have transferred his property, and if at the time of the transfer, or of the registering thereof, if such registering is required by law, and being within four months before the filing of the petition in bankruptcy, the bankrupt be insolvent and the transfer operated as a preference, the transfer shall be voidable, a chattel mortgage given by a bankrupt, but not registered until some time after its execution and within four months of the filing of the petition, is a "preference," if on the date of its registration the mortgagee knew that the mortgagors were insolvent and that the mortgage would constitute a preference, though the mortgagors were solvent at the date of the execution of the mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–253, 255–258; Dec. Dig. ⊚═166.

For other definitions, see Words and Phrases, First and Second Series, Preference.]

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Raleigh, in Bankruptcy; H. G. Connor, Judge.

Suit by Leake S. Covington, trustee in bankruptcy of the estate of E. L. Brigman and B. T. Dawson, copartners, trading as Eagle Pharmacy, bankrupt, against J. W. Brigman. From a decree for the plaintiff in the District Court (210 Fed. 499), the defendant appeals. Affirmed.

H. F. Seawell, of Carthage, N. C., for appellant.

Chas. W. Tillett, of Charlotte, N. C. (Cansler & Cansler, of Charlotte, N. C., on the brief), for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. The material facts appear to be these: On January 16, 1911, the above-named appellant (defendant below and hereinafter so called) sold to his son, E. L. Brigman, and one B. T. Dawson, a clerk in his employ, the drug business which he was then conducting at Rockingham, N. C., under the name of the Eagle Pharmacy. The price agreed to be paid for the stock of goods, etc., was $3,500, and the purchasers also assumed an outstanding indebtedness of about $2,700. They were without means of their own and gave notes for the entire amount which were secured by a chattel mortgage on the purchased property. They failed to make a success of the business, though the indebtedness assumed was nearly or quite

discharged and the sum of about $700 paid on the purchase price. On August 3, 1911, one or more of the notes being due and unpaid, the appellant had his mortgage recorded, and in November following foreclosed the same and took possession of the property. On a petition filed December 2, 1911, the mortgagors were adjudicated bankrupt, and later the trustee brought this suit to have the mortgage declared void as an unlawful preference under the bankruptcy act. Subsequently the stock of merchandise, etc., was sold by the trustee for $3,000, under an agreement that the proceeds should be held subject to the final determination of the rights of the parties. It appears that between January 16 and August 3, 1911, goods were bought to the amount of $394.85, and between August 3 and December 2, 1911, to the amount of $864.14, and that the remainder, $1,741.01, was of the merchandise sold to the bankrupts in January, and constituted part of the property covered by the mortgage then given to the defendant.

Whatever may be said of the financial condition of the purchasers when the business was acquired, it is not disputed that they were badly insolvent in the following August when the defendant put his mortgage upon record; and the court below found, in an opinion which reviews and analyzes the testimony at length, that the defendant then knew, or certainly had reason to believe, that they were unable to pay their debts. A careful examination of the record convinces us that this conclusion was amply sustained by the proofs, and with that fact established it remains only to consider whether this mortgage, dated January 16, 1911, but withheld from registration until the 3d of the following August, because "there would be no use telling people about it," was a voidable preference under the provisions of the bankruptcy act.

In the first place, it is not doubted that the mortgage in question until recorded was wholly void as against creditors under section 982 of the Revisal of North Carolina, which appears to have been the statute law of that state since 1829. This statute has been repeatedly construed and applied by the North Carolina courts and always, so far as we are aware, to the effect just stated. Thus, in Robinson v. Willoughby, 70 N. C. 363, it was said that:

"The decisions have been uniform that deeds in trust and mortgages are of no validity whatever as against purchasers for value and creditors unless they are registered; and that they take effect only from and after registration, just as if they had been executed then and there."

Again, in Hooker v. Nichols, 116 N. C. 160, 21 S. E. 208, in which Robinson v. Willoughby is cited with approval, the court says that this act "was intended to uproot all secret liens, trusts, unregistered mortgages, etc., and under its force it has been held that no notice, however full and formal, will supply the place of registration."

And this court, in a careful opinion by Judge Pritchard (United States v. Hiawassee Lumber Co., 202 Fed. 35, 43, 120 C. C. A. 289, 297), uses the following language:

"In considering this act it should be constantly borne in mind that the general rule incorporated therein is that no deed shall be valid as against creditors and purchasers for value, except from the date of registration."

In view of what is said in these and other cases it must be regarded as the settled law of North Carolina that a mortgage like the one in question is not valid as against creditors until it is recorded. This being so, it follows that the legal effect of the transaction under review is the same as though the mortgage to appellant had been executed on the 3d of August to secure an indebtedness to him which was incurred on the 16th of January preceding. And it also follows, as we think, that the security was voidable at the suit of the trustee under the original bankruptcy act, because the transfer, regarded as made on the 3d of August, was within four months before the filing of the petition in bankruptcy and operated then as a preference to the mortgagee.

This was the construction of the bankruptcy act before the amendments of 1903 and 1910 by the Circuit Court of Appeals of the Eighth Circuit; Bank v. Connett, 142 Fed. 33, 73 C. C. A. 219, 5 L. R. A. (N. S.) 148, construing a recording statute of Missouri which is certainly quite as favorable to the appellant's contention as the statute of North Carolina. In the able opinion in that case, Judge Hook says:

"If, therefore, under the Missouri law, a chattel mortgage first comes into existence, as a mortgage, as to general creditors, when it is recorded, it then first comes into existence as to the trustee in bankruptcy. As to voidable preferences the trustee is in effect a judgment creditor of the bankrupt (Dudley v. Easton, 104 U. S. 99, 103 [26 L. Ed. 668]), whose rights as such are made by the act of 1898 to cover the period of four months prior to the institution of the proceedings in bankruptcy. If within that period a mortgage is given by the bankrupt under circumstances which make it a voidable preference, the trustee may defeat it. If one is given before but is recorded within that period, and under the local law the fiction of relation back to the date of execution is not indulged in, but, on the contrary, the instrument is deemed to have first come into existence as a mortgage when recorded, the trustee may likewise defeat it if the conditions of a voidable preference appear. * * * The clear letter and policy of the Missouri statute have often been referred to by the courts of that state. The withholding of a chattel mortgage from record assists the debtor to practice a false pretense. It enables him to maintain a financial standing to which he is not honestly entitled. That is generally the actuating purpose, and it is invariably the result. It induces prior creditors to forbear and other persons to extend credit. A plain and inexpensive method is prescribed by which a mortgagee may secure a priority of lien, and the evil results that may follow from ignoring it are obvious. The fiction of relation is generally used to prevent wrong or injustice, but we find no warrant in the decisions of the courts of Missouri for its employment to defeat the evident and wholesome policy of the law. There, possession of the property not being taken, a chattel mortgage seems to speak as of the day it is recorded."

In the second place, we are of opinion that the amendments of 1903 and 1910 were framed expressly to cover such a case as is here presented. Section 60b of the bankruptcy act now reads as follows:

"If a bankrupt shall have * * * made a transfer of any of his property, and if at the time of the transfer * * * or of the recording or registering of the transfer, if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy, * * * the bankrupt be insolvent and the * * * transfer then operated as a preference, and the person receiving it, or to be benefited thereby, * * * shall then have reasonable cause to believe that the

enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

This language seems to us so plain as not to require the aid of construction, and we deem it unnecessary to add anything to the convincing discussion of the question by the learned District Judge from whose decision this appeal is taken. Whatever may be held in regard to similar transactions in states whose recording statutes are materially different as respects the rights of creditors, we deem it scarcely debatable that under the law of North Carolina, which declares every mortgage or deed of trust to be invalid as against creditors until its registration, a trustee in bankruptcy may avoid and set aside a mortgage which, although given before and for a consideration passing at the time of its execution, was not recorded until within four months prior to the beginning of bankruptcy proceedings, and which operated at the date of its registration to give the mortgagee a preference over other creditors. We believe this is what the Congress intended, and with the more confidence because it tends to enforce that open dealing which is the essential basis of commercial morality.

The case was correctly decided in the court below, and the decree appealed from will be affirmed.