### In re CASLON PRESS.

#### WESTERN TYPE FOUNDRY v. CENTRAL TRUST CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit.   August 6, 1915.)

#### No. 2201.

BANKRUPTCY ☜161—VOIDABLE "PREFERENCE"—TRANSFERS CONSTITUTING.

Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), provides that the trustee as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, and as to all property not in the custody of the bankruptcy court with all the rights, etc., of a judgment creditor holding an execution duly returned unsatisfied. Section 60a provides that a person shall be deemed to have given a preference if, being insolvent, he has within four months before bankruptcy made a transfer of any of his property, the effect of which will be to enable any creditor to obtain a greater percentage of his debt than other creditors of the same class. Section 60b makes such preferences voidable by the trustee. More than four months before bankruptcy the bankrupt executed an unacknowledged chattel mortgage for a present loan, and promised to give another chattel mortgage on specific chattels for the purchase price thereof. Within the four months the promised mortgage was given, and both mortgages were acknowledged and recorded. It was conceded that both mortgages, though good as against the debtor, were invalid as against lien creditors until acknowledged and recorded; but it was contended that both mortgages were given for a present consideration, and that a transfer for a present consideration could not be a preference. *Held* that, assuming that a mortgage given for a present consideration, executed before, but recorded within, the four months period, is not voidable as a preference, the mortgages in question were voidable, since there was no transfer valid as against lien creditors or the trustee in bankruptcy until the mortgages were acknowledged, and the only consideration for the mortgages at that time was the pre-existing obligation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. ☜161.

For other definitions, see Words and Phrases, First and Second Series, Preference.]

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois; J. Otis Humphrey, Judge.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the Caslon Press, bankrupt. A petition for the payment of the Western Type Foundry in priority to the claims of unsecured creditors, opposed by the Central Trust Company of Illinois, trustee of the bankrupt, was dismissed, and the claimant files a petition to revise. Petition to revise denied.

An unacknowledged Illinois chattel mortgage was executed in August, 1912, for a present loan, and a promise to give a chattel mortgage on other specific chattels as part purchase price was made in July, 1911, by the bankrupt to the petitioner, both, therefore, more than four months before January 28, 1913, when the bankruptcy petition was filed. Within the four months, while the debtor was insolvent to the knowledge of the petitioner, the promised mortgage was executed, and both mortgages were then improperly and defectively acknowledged and recorded. The day before the bankruptcy petition was filed they were both properly reacknowledged and re-recorded. By agreement, the property covered thereby was sold by the trustee, petitioner's liens, if any, to be paid out of the proceeds. A petition that they be paid in priority to the claims of unsecured creditors was dismissed. To revise this order the present petition was filed.

John Lyle Vette, of Chicago, Ill., for petitioner.
Alfred Livingston, of Chicago, Ill., for respondent.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge (after stating the facts as above). Unless petitioner's liens were validly created as against the trustee by the unacknowledged mortgage and by the promise to execute a mortgage, they cannot be upheld; all subsequent acts were performed within the four months period, during the debtor's insolvency and with the creditor's knowledge thereof, so that, if effective only from the later date, they operated to create voidable preferences under section 60 of the Bankruptcy Act.

Petitioner concedes that, although good as against the debtor, both would be invalid in Illinois as against a lien creditor until duly acknowledged and recorded. It contends, however, that both were created for a present consideration in 1912 and 1911, respectively; that a transfer for a present consideration can never be a preference within section 60a, and therefore cannot be voidable as such under section 60b; that therefore it is immaterial when they were recorded, as long as they were recorded before the bankruptcy petition was filed.

While before the amendment of 1910, the authorities were in conflict (In re Boyd, 213 Fed. 774, 130 C. C. A. 288, and cases cited therein), we held (In re Sturtevant, 188 Fed. 196, 110 C. C. A. 68), where a duly acknowledged mortgage was given for a present consideration, in accordance with this construction of section 60, distinguishing In re Beckhaus, 177 Fed. 141, 100 C. C. A. 561, in which the mortgage was a voidable preference when executed because given to secure a pre-existing debt. A similar distinction was made in the Sixth circuit. Loeser v. Bank, 148 Fed. 975, 78 C. C. A. 597, 18 L. R. A. (N. S.) 1233; In re Klein, 197 Fed. 241, 116 C. C. A. 603.

Whether, under the 1910 amendment of section 60b (section 60a, defining a preference, is unchanged), not only a mortgage, voidable as a preference when executed (Carey v. Donohue, 209 Fed. 329, 126 C. C. A. 254), and one given to secure a pre-existing debt, but, as in

the Klein Case, not voidable when executed, but also a mortgage given for a present consideration, executed before, but recorded within, the four months period, can be attacked under section 60b, as held in Brigman v. Covington, 219 Fed. 500, 135 C. C. A. 250, 33 Am. Bankr Rep. 644 (C. C. A. 4th Circuit)—contra, Anderson v. Chenault, 208 Fed. 400, 125 C. C. A. 616 (C. C. A. 5th Circuit), and In re Watson (D. C.) 201 Fed. 962 (affirmed on other grounds in 216 Fed. 483, —— C. C. A. ——)—we need not now determine, because, in our judgment, nothing that was done before the four months period amounted to a complete transfer for a present consideration.

Inasmuch as both the legal and the equitable mortgages were concededly invalid as against lien creditors until duly acknowledged, they would have been equally invalid as against the trustee under section 47a (2), as amended in 1910, if the bankruptcy petition had been filed before they were acknowledged. No unilateral act of the creditor could have changed this situation. Recording an unacknowledged or an improperly acknowledged chattel mortgage concededly gives no constructive notice, and therefore does not better the position of the mortgagee as against the subsequent lienor in Illinois. A further act by the grantor itself, the acknowledgment, is a prerequisite to the grantee's power to secure an effectual recording of the conveyance, such as will protect it under some circumstances against subsequent lienors, including, since the 1910 amendment of section 47a (2), the trustee in bankruptcy.

Until the transfer sought to be made by the mortgage was perfected by the proper acknowledgment of the instrument, the transfer itself was incomplete; recorded or unrecorded, it was utterly without value as against subsequent lienors, including, since 1910, the trustee in bankruptcy. Therefore only when the mortgages were duly reacknowledged were the transfers in fact made. At that time, nothing of value was given therefor by the creditor; the sole consideration for the debtor's act, without which the creditor would have had no right of any value as against the trustee, was the pre-existing obligation.

Prior to the perfection of the transfer, petitioner was a creditor, and as its apparent security was worthless as against a trustee in bankruptcy, it was, for all practical purposes, an unsecured creditor; the effect of the enforcement of the security, which it finally obtained only by the later acts of the debtor, would enable it to obtain a greater percentage of its debt than any other unsecured creditor; the transfer thus completed was, therefore, a preference under section 60a, and voidable as such under section 60b, because made by an insolvent within four months of bankruptcy, operating as a preference at the time that it was perfected as a transfer, and received with reasonable cause to believe that this would be its effect.

The petition to revise will therefore be denied.