# IN THE MATTER OF SOLÁ É HIJO, Bankrupts.

---

San Juan, Bankruptcy, No. 61.

TRUSTEE'S RIGHT TO MORTGAGED PROPERTY.

Bankruptcy—Preference.

    1. The disposal of property during the four months preceding bankruptcy in accordance with a valid contract antedating the four months is not to be considered as a preference; where a mortgage given more than four months before the petition was not recorded, as it contained certain defects, but these defects were cured and the mortgage recorded four days before bankruptcy, this does not constitute a preference.

Bankruptcy—Liens—Unrecorded Mortgage.

    2. A mortgage executed more than four months before the bank-

---

NOTE.—As to effect of mortgage given more than four months prior to bankruptcy, but recorded within that period, see note in 25 L.R.A.(N.S.) 149.

Upon the question of conditional sale contract executed prior to, but filed within, the four months period as a voidable preference, see note in 47 L.R.A.(N.S.) 1223.

### In the Matter of Solá é Hijo.

ruptcy, but not recorded until within the four months, does not create a valid lien against creditors of the bankrupt subsequent to the date of the mortgage, and such creditors take precedence over the mortgagee.

Bankruptcy—Unrecorded Conditional Sale Agreements.

3. Where a mortgage contains a further agreement by the mortgagor that he will give a conditional sale deed to the property on demand, and the mortgage was not recorded until within the four months, the clause regarding the conditional sale agreement is not binding upon creditors subsequent to the date of the instrument.

Bankruptcy—Liens—Mortgage Recorded within the Four Months.

4. Creditors having claims accruing since the date of the mortgage, which is not recorded until within the four months, are entitled to the proceeds of the mortgaged premises in preference to the mortgagee.

Opinion filed August 24, 1916.

---

*Mr. J. R. F. Savage* for Trustee.

*Messrs. Francis & Soto* for Marcelino A. Solá.

HAMILTON, Judge, delivered the following opinion:

This court directed the trustee to convey to Celestino Solá certain property in accordance with the deed signed by Marcelino Solá, and now the trustee seeks to have this action of the court set aside, and to convert the proceeds of the property to the debts of the estate. The facts not being admitted, the court directed referee Molina to ascertain and report them, which he has done in a report filed July 21, 1916.

It seems that Celestino Solá, on withdrawing from certain business connections with his brother Marcelino, received in

In the Matter of Solá é Hijo.

full satisfaction of his interests a mortgage made July 6, 1911, on certain property. The instrument was not recordable at the time because of certain amendable defects, which the mortgagee did not seek from the mortgagor until May 13, 1912. At that time these defects were cured, and the mortgage in question was recorded in favor of Celestino Solá. On May 17th proceedings in bankruptcy were instituted against Solá é Hijo and Marcelino Solá, resulting in adjudication. The question for consideration, leaving out the fact that the court has already directed the trustee to convey to the mortgagee, is the rights of the parties as developed by the report of referee Molina.

1. The record of the mortgage being had only four days before the bankruptcy, it is contended that the mortgage amounted to a preference forbidden by § 60-a and b, which are as follows:

"a. A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required." [32 Stat. at L. 799, chap. 487, Comp. Stat. 1913, § 9644.]

"b. If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made

In the Matter of Solá é Hijo.

a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction." [36 Stat. at L. 842, chap. 412, Comp. Stat. 1913, § 9644.]

What is prohibited by the sections of the Bankruptcy Act in question is a preference. It usually arises in the shape of actual fraud, but actual fraud is by the report of the referee, which is not excepted to, put out of the case. Legal fraud, however, would be sufficient if "the effect . . . will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." An unrecorded mortgage is not void under the Porto Rican law. It cannot be said to be nonexistent. There are cases in which it will be upheld against general creditors. Hidalgo v. Garcia, 4 P. R. R. 121. The trustee, however, under the Bankruptcy Act, § 60-b, as amended in 1910, is a lien creditor, and he insists that the record being the constitution or creation of

the mortgage, and there being at the time of the recording no new consideration, the mortgage must be considered as a preference. This, however, is not clear. The transaction (unlike Re Caslon Press, 143 C. C. A. 409, 229 Fed. 133) was complete as between the parties when the mortgage was given July 8, 1911, by means of a solemn public instrument. The only thing left to be done was a matter *dehors* the mortgage itself, the execution of certain other papers which would show that the mortgagor had the right to execute the conveyance, and to this the mortgagee had a right to compel him at any time. There was no need of any new consideration. The right was a continuing one from the beginning, and was a part of the original consideration. The receipt or disposal of property during the four months in accordance with a valid contract antedating the four months is not to be considered as a preference under the Bankruptcy Act, § 60-a. Collier, Bankr. 10th ed. p. 795. It is true that the necessary result is to diminish the assets, but it is a diminution of the assets by a valid subsisting transaction which supplied assets which went or should go to the creditors.

2. It remains to consider, however, what is the effect of the late record of the mortgage. Section 1776 of the Civil Code of Porto Rico provides: "Besides the requisites mentioned in § 1758, it is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property."

Art. 146 of the Mortgage Law is to the same effect. It says: "In order that voluntary mortgages may be validly constituted it shall be necessary: 1. That they have been agreed to or ordered constituted by a public instrument. 2. That the deed

shall have been recorded in the registry established by this law."

The contention of the trustee, therefore, is that, the record of the mortgage being essential, the mortgage itself cannot be said to exist as against third parties, such as the Bankruptcy Law makes a trustee, except from the date of that record. The record being within the four months before the bankruptcy, the argument is that the mortgage is to be considered as given within four months before the bankruptcy, and therefore void as against creditors.

In support of this contention reference is made to the case of Brigman v. Covington, 135 C. C. A. 250, 219 Fed. 500, a circuit court of appeals case from North Carolina. It was there held that a chattel mortgage in North Carolina must be recorded in order to be effectual against creditors, and a chattel mortgage on a drug store recorded within four months of the bankruptcy of the grantors was accordingly declared to be invalid as against the trustee for creditors. This may throw some light upon the principle involved, but cannot be considered as conclusive, because it relates to a chattel mortgage, which is not recognized in Porto Rico, and which even in the states is governed by special rules for special purposes. The case of Re Lukens, 138 Fed. 188, from the district court for the eastern district of Pennsylvania, relates to realty, and construes § 67-a of the Bankruptcy Act. This section is as follows: "Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate." [30 Stat. at L. 564, chap. 564, Comp. Stat. 1913, § 9651.]

In the Lukens Case the mortgagee of land failed to record his

mortgage for the purchase price of real estate until after the mortgagor became bankrupt, and under the principle of the Pennsylvania law that a mortgage on real estate creates a mere lien to secure the debt and does not convey an estate, it was held that the mortgagee was not entitled to payment in full from the proceeds of the mortgage property as against the general creditors. The ground of the decision is that creditors of a bankrupt are entitled in fairness to know the bankrupt's financial standing, and therefore a creditor who fails to record his mortgage and thereby gives the mortgagor a fictitious credit has no reason to complain if subsequent creditors attack the property on which he held a mortgage which he had failed to record until within the four months. Whether there are any creditors in this case subsequent to the mortgage in question does not appear, but if there are any such, they come within the principle of the Lukens decision. In other words, the law is that the trustee takes the property of the bankrupt in case unaffected by fraud, as in the case at bar, in the same light and condition that the bankrupt himself held it, except where the encumbrance is void against the trustee by some positive provision of the act. Re Garcewich, 53 C. C. A. 510, 115 Fed. 87. The statutory exception declared in the Lukens Case is that subsequent creditors, represented by the trustee, have a superior equity, but this is a very different thing from declaring that § 67-a voids the mortgage as against all creditors.

3. It is alleged, however, that the mortgage in question, executed by Marcelino Solá July 8, 1911, to his brother Celestino Solá, provides also in paragraph eight that in case the debtor does not satisfy the principal, there shall be substituted for this mortgage a deed of conditional sale, to be executed upon de-

### In the Matter of Solá é Hijo.

mand, and that this amounts to an equitable lien in favor of Celestino, or, more properly speaking, a contract whose specific performance can be compelled by Celestino Solá. It was upon this ground that the court ordered the execution of the deed for the property, the proceeds of the sale of which are sought to be subjected by this new proceeding. The validity of this as between Marcelino and Celestino cannot be questioned, but upon reconsideration it does not seem that this contract can be enforced as against subsequent creditors, who must be held to have extended credit upon the faith of the record. Clause eight was no more recorded than was the rest of the mortgage, and is therefore also invalid as against subsequent creditors. This is true upon a proper construction of the Bankruptcy Law quite apart from any question under § 1763 of the Civil Code of Porto Rico, which provides that a promise to make a mortgage gives rise only to a personal action.

4. The result is that the previous orders and decrees of this court must be modified so as to protect the rights of creditors subsequent in time to the execution of the mortgage in question, that is to say, since July 8, 1911. A petition by the trustee as at bar is a proper method of procedure. He is not relegated under the Bankruptcy Law, § 23-b, to a suit in any other court or a formal action in this court. There are no terms on the bankruptcy side of this court, and decrees may be modified any time prior to the closing of the estate by distribution or otherwise as may seem best to meet the ends of justice under new circumstances. The right to modify, however, is sparingly exercised.

A decree will be entered therefore modifying the former orders and decrees of this court to the extent of directing the

In the Matter of Solá é Hijo.

marshal of the local court of Humacao and the said Celestino Solá é Rodriguez to pay over to the trustee herein so much of the proceeds of the property in question as will cover the proportionate shares of creditors herein since July 8, 1911, if any. Otherwise former orders and decrees are not disturbed hereby.

It is so ordered.