### In re A. E. SAVAGE BAKING CO.

(District Court, D. New Jersey. June 28, 1919.)

1. SALES ⊜472(2)—CONDITIONAL SALES—RECORD—NOTICE.

The registry is notice of no other facts than those appearing on the record; so, an instrument as recorded evidencing an absolute sale, there is no notice therefrom, actual or constructive, of the conditional sale arising from words omitted from the record by the register.

2. SALES ⊜472(2)—CONDITIONAL SALES—RECORD—NOTICE—GRAMMATICAL ERROR.

The recording of an instrument is not invalidated because of the grammatical error, in the certificate of proof required by Act N. J. June 14, 1898 (P. L. p. 678) § 22, as amended by Act March 17, 1916 (P. L. p. 299), of the execution thereof by a corporation by its president, in using the word "his" in place of "its," referring to the corporation.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8.** Sales $\Longleftrightarrow$272(2)—Conditional Sales—Record—Notice—Statutory Proof of Instrument.

Where an instrument has no subscribing witness, though Act N. J. June 14, 1898 (P. L. p. 678) § 22, as amended by Act March 17, 1916 (P. L. p. 299), requires proof of it by a subscribing witness, and certificate of the proof, record of it is a nullity, and not notice, notwithstanding the person purporting to make proof in his affidavit swears he was a subscribing witness.

**4.** Bankruptcy $\Longleftrightarrow$184(2)—Trustee—Rights—Unrecorded Conditional Sale.

Under Act N. J. May 9, 1889 (P. L. p. 421), as amended by Act March 14, 1895 (P. L. p. 302), unrecorded conditional sale contract is void against judgment creditors of buyer, and so against his trustee in bankruptcy; he under Bankruptcy Act 1898, § 47, as amended in 1910 (Comp. St. § 9631), standing in position of a judgment creditor.

**5.** Fixtures $\Longleftrightarrow$20—Real Estate Mortgagee and Seller of Chattels.

Ovens permanently annexed to the freehold, covered by a real estate mortgage, some time before the mortgage was placed thereon, are fixtures, and subject to the mortgage; the mortgagee not having had notice of the conditional sale of the ovens to the landowner.

In Bankruptcy. In the matter of the A. E. Savage Baking Company, bankrupt. On review of order of referee affecting property covered by two conditional sales agreements. Petition dismissed.

Bilder & Bilder, of Newark, N. J., for trustee in bankruptcy.

McDermott & Enright, of Jersey City, N. J., for Werner & Pfleiderer Co., Inc.

James F. Fielder, of Jersey City, N. J., for Trust Company of New Jersey.

James R. Bowen, of Jersey City, N. J., for Anna L. Shea.

DAVIS, District Judge. On November 9, 1914, the Werner & Pfleiderer Company, Incorporated, entered into two conditional sales agreements with the bankrupt in the above-entitled cause. One of the agreements was for one two-pocket divider and one revolving proofer, and the other agreement was for two deck steam-pipe draw-plate ovens. Both of these agreements were received in the office of the register of Hudson county for recording, on May 14, 1915. The price of the divider and proofer was $973, and the terms of payment were "$200.00 per month payments to start after ovens have been paid for." The price of the ovens was $4,600, and the terms of payment were, "$200.00 on receipt of iron material per month." Both instruments provided for interest at 6 per cent. The company did not pay for said articles, and there is due the Werner & Pfleiderer Company, Incorporated, at this time on the divider and proofer, $1,165.17, and on the ovens $5,500.67.

On the face of the agreement, covering the divider and proofer, is printed in small type, near the top of the page, in red ink, the following:

"Terms and conditions printed on the reverse side of this sheet are to be understood as constituting a part of this proposal."

In recording the face (which alone was recorded) of the instrument, the register did not record the above-quoted words printed in red ink. The terms and conditions on the reverse side of the sheet were printed in very small type, and one of them was as follows:

"Machinery and ovens remain our property and subject to our order until paid for in full; payments on account and promissory notes until paid in full do not divest or impair our title."

But none of these, as above stated, were recorded.

The agreement in form, upon its face, is an ordinary proposal or offer of sale. At the bottom of the page is a provision for acceptance, and in this particular instance, the proposal was, "Accepted by the A. E. Savage Baking Co., Albert E. Savage, Pres."

In the second agreement, or proposal, there is a reservation of title in the vendor on the face of the instrument as follows:

"Ovens remain our property and subject to our order until paid for in full; payments on account and promissory notes until paid in full do not divest or impair our title."

This instrument was recorded in the register's office of Hudson county in the proper place for recording conditional sales. The certificate of the commissioner of deeds, before whom the agreement was proved, is as follows:

"State of New Jersey, County of Hudson—ss.:

"Be it remembered that on this 14th day of May, 1915, before me personally W. J. Travis of full age who being by me duly sworn on h—— oath. says that he saw the within named. A. E. Savage Baking Co., Albert E. Savage, Pres., sign, seal and deliver the within instrument as his voluntary act and deed and that deponent at the same time signed the same as subscribing. witness.                                                              W. J. Travis.

"Sworn and subscribed before me at J. City the day and year aforesaid.
                    "John F. Salmon, Commissioner of Deeds of N. J."

The said baking company, the bankrupt, owned two tracts of land on Griffith street in Jersey City. On one of these was erected a baking establishment in which was located the property enumerated in the said two conditional sales agreements. On the real estate, on which the baking establishment was located, the bankrupt on July 18, 1916, executed a mortgage to the Trust Company of New Jersey, and on July 25, 1916, the bankrupt executed a second mortgage to Anna L. Shea covering the same property. On June 5, 1918, George P. Reuter recovered a judgment in the Supreme Court of New Jersey for $1,072.58. On July 6, 1918, the Corby Company recovered a judgment in the same court for $2,263.13. Execution was issued on these judgments on the property of the bankrupt. On October 28, 1918, the A. E. Savage Baking Company was adjudicated a bankrupt. The question has arisen as to whether certain property located in and about the bakery was real or chattel property. Included in this property are those articles enumerated in the conditional sales agreement of the Werner and Pfleiderer Company, Incorporated.

Upon petition of the trustee in bankruptcy for the sale of the property of the said bankrupt, including the said divider, proofer, and ovens, free and clear of all liens including the lien claimed by the

petitioner, the Werner & Pfleiderer Company, Incorporated, the referee reached the conclusion that the said agreements were void as against the trustee and the judgment creditors, and that the said ovens had become annexed to the realty in such way as to make them fixtures, and entered an order upon his conclusions. To this order, the Werner & Pfleiderer Company, Incorporated, petitioner herein, filed the following exceptions:

"(1) It adjudges that the property described in the conditional sales agreements aforesaid, held by Werner & Pfleiderer Company, do not constitute any lien or incumbrance upon the articles therein described, and that the sales of the articles therein described are absolute.

"(2) The referee found as a matter of law that the said agreements were not properly executed, acknowledged, and recorded.

"(3) The referee found as a matter of law that the recording of said agreements do not constitute constructive notice to the subsequent mortgagees and judgment creditors and the trustee in bankruptcy aforesaid.

"(4) The referee found as a matter of law that the ovens described in the Werner & Pfleiderer agreements, and known as lots 47 and 48, constituted part of the real estate in spite of the conditional sales agreements aforesaid.

"(5) There is no affirmative proof by the other parties herein that they had no notice of the Werner & Pfleiderer agreements.

"(6) The referee held as a matter of law that the Werner & Pfleiderer agreement, recorded in Book 346 of Chattel Mortgages, page 349, covering the divider and revolving proofer, is void because the register omitted to record the provision as to retention of title, though such provision was actually contained in said agreement.

"(7) The referee refused to sell the property described in the Werner & Pfleiderer agreements separately from the rest of the property and keep a separate account as to it.

"(8) The referee refused to sell the property described in the Werner & Pfleiderer agreements for an upset price."

The trustee and others claim that the conditional sales agreements are void as against the trustee and the judgment creditors because they were not recorded in accordance with section 22 of "an act respecting conveyances" (Revisions of 1898, as amended by the Laws of 1916, P. L. 1916, p. 299).

[1] They contend that the recording was a nullity because in the instrument covering the divider and proofer there was no hint that the title remained in the vendor. From the record, a certified copy of which I have before me, the transaction would appear to be an absolute sale. The mortgagees, trustee, and judgment creditors have a right to rely upon the record and assume that it is correct and complete. The registry is notice of no other facts than those that appear upon the record. Kellogg v. Randolph, 71 N. J. Eq. 127, 63 Atl. 753. This agreement, therefore, is not notice, constructive or actual, to any one of the reservation of title in the vendors.

[2] They further object to the acknowledgment and registration of both of these agreements, and declare that they are a nullity, because: (1) The certificates do not show that the affiant knew the corporate seal of the company; (2) that no corporate seal was affixed to the instruments; (3) that the words "his voluntary act and deed" refer to W. J. Travis, and not to the A. E. Savage Baking Company as the statute requires. The statute requires that the instrument "shall be proved, by one or more of the subscribing witnesses to it, * * *

that such party signed, sealed and delivered it as his voluntary act and deed, before any one of the above-named officers, * * * and * * * a certificate of such proof signed by such officer shall be written upon, or * * * annexed to such deed or instrument." The word "his" in the certificate should doubtless be "its" voluntary act and deed, referring to the A. E. Savage Baking Company. That, however, is a grammatical error and should not invalidate the recording.

[3] The objection that the instrument was not proved by a subscribing witness is more serious. The instrument itself shows that W. J. Travis was the agent of the Werner & Pfleiderer Company, Incorporated, for the proposal is made to the A. E. Savage Baking Company, by "Werner & Pfleiderer Co., Inc., per W. J. Travis." There was no subscribing witness to the execution of the paper. Consequently, when W. J. Travis swears that he was a "subscribing witness," his affidavit is not in accordance with the facts. He was a witness, but not a subscribing witness, as the statute requires. This record was therefore a nullity and not notice, actual or constructive, to any one. Spielmann v. Kliest, 36 N. J. Eq. 199; Longley v. Sperry, 72 N. J. Eq. 537, 66 Atl. 1062; Vanaman v. Fliehr et al., 75 N. J. Eq. 88, 71 Atl. 692. These two instruments, therefore, as to judgment creditors stand just as though they had never been recorded.

[4] The Conditional Sales Act of 1889 (P. L. 1889, p. 421), as amended by the Act of 1895 (P. L. 1895, p. 302), which was in force at the time these sales were made, as evidenced by the agreements in question, provides:

"That in every contract for the conditional sale of goods and chattels hereafter made, which shall be accompanied by an actual delivery and be followed by an actual and continued change of possession of the things contracted to be sold, all conditions and reservations which provide that the ownership of such goods and chattels is to remain in the person so contracting to sell the same, or other person than the one so contracting to buy them, until said goods and chattels are paid for, or until the occurring of any future event or contingency, shall be absolutely void as against the judgment creditors of the person so contracting to buy the same, and subsequent purchasers and mortgagees thereof in good faith, and as to them the sale shall be deemed absolute, unless such contract for sale with such conditions and reservations therein be recorded as directed in the succeeding section of this act."

These instruments, being unrecorded, are absolutely void as against judgment creditors. Section 47 of the Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. § 9631), provides:

"That trustees shall * * * collect and reduce to money the property of the estate for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest; and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

The trustee, therefore, as to the property in the custody of the bankruptcy court is vested with the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings and stands in the position of a judgment creditor. In re Gehris-Herbine Co. (D. C.) 188 Fed. 502, 26 Am. Bankr. Rep. 470; In re O'Brien (D. C.) 215 Fed. 129, 32 Am. Bankr. Rep. 347; Potter Mfg. Co. v. Arthur, 220 Fed. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268, 34 Am. Bankr. Rep. 75; In re Caslon Press, 229 Fed. 133, 143 C. C. A. 409, 36 Am. Bankr. Rep. 127; In re Collins (D. C.) 235 Fed. 937, 37 Am. Bankr. Rep. 692; In re Harrington, 29 Am. Bankr. Rep. 690; Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 36 Sup. Ct. 466, 60 L. Ed. 841. As to the trustee and the judgment creditors, the conditional sales in the case before me were absolutely void, and the Werner & Pfleiderer Company, Incorporated, the petitioner, had no lien upon the divider, proofer, and ovens, and the order of the referee that they should be sold, free and clear of any supposed lien of the petitioner, was correct.

[5] The referee found that the ovens were fixtures and a part of the real estate and affected by the mortgages of the Trust Company and Anna L. Shea. I have reached the conclusion that the conditional sales contracts were not notice, actual or constructive, to any one, and that they were improperly recorded. The ovens were permanently annexed to the freehold, covered by the real estate mortgages, some considerable time before said mortgages were placed upon the freehold. They are so built into the bakery that serious injury would be done to the building in removing them. Under these facts, are the ovens fixtures and subject to the real estate mortgages? The Court of Errors and Appeals, in the case of Campbell v. Roddy, 44 N. J. Eq. 244, 14 Atl. 279, 6 Am. St. Rep. 889, held that where the annexation of the chattel to the freehold had been made previous to the execution of the real estate mortgage thereupon, without notice, the personalty becomes part of the realty and subject to the real estate mortgage. Judge Reed, speaking for the court in that case, at page 250 of 44 N. J. Eq., at page 282 of 14 Atl. (6 Am. St. Rep. 889), said:

"As between a lienor who consents to have the subject-matter of his lien transmuted into a shape by which subsequent purchasers and mortgagees are liable to be subjected to deceptive dealings, there seems to be no equitable ground upon which the lien should be recognized against an innocent subsequent mortgagee or purchaser for value."

In the case of Leo Co. v. Jersey City Bill Posting Co., 78 N. J. Law, 150, 151, 73 Atl. 1046, 1047, speaking for the New Jersey Supreme Court, Judge Trenchard said:

"Our own courts have recognized the title of the conditional vendor or chattel mortgagee as against a mortgage upon the realty executed before the personal property was affixed to the soil [citing cases], but thus far, as far as we know, they have not been called upon to decide as to the rights acquired by a bona fide purchaser, without notice, after the fixture is upon the premises. * * * In other jurisdictions the weight of authority is to the effect that a subsequent purchaser of the land, without notice, is not affected by an agreement between the owner of the land and the owner of the article at the time of the annexation that the article shall retain its personal character and be subject to the removal at the pleasure of the owner of he article. [Citing cases.] * * * 'To hold otherwise would contravene the

policy of the laws requiring conveyances of interests in real estate to be recorded, seriously endanger rights of purchasers, afford opportunities for frauds, and introduce uncertainty and confusion into land titles.'"

The case of Falaenau v. Reliance Steel Co., 74 N. J. Eq. 325, 329, 69 Atl. 1098, seems to be contrary so far as can be gathered from the meager facts stated in the opinion. In this case it is not stated whether or not the real estate mortgage was placed upon .the property before or subsequent to the annexation. If the opinion is to be in harmony with the decision of Judge Reed in the case of Campbell v. Roddy, supra, the real estate mortgage must have been placed upon the property prior to the annexation of the personalty, and this conclusion is strengthened by the fact that that case was decided in April, 1908, and in the case of Leo Co. v. Jersey City Bill Posting Co., supra, decided September 24, 1909, Judge Trenchard said:

"Our own courts, * * * as far as we know, * * * have not been called upon to decide as to the rights acquired by a bona fide purchaser without notice after the fixture is upon the premises."

It follows that the petition must be dismissed. An order will be signed in accordance with the conclusion herein reached.